Claimant moves to dismiss an appeal by a self-insured employer from a decision of the Workmen’s Compensation Board upon the ground it was not timely taken. The appeal is from a decision of the board which, on claimant’s application, reviewed and reversed a referee’s findings and decision which had dismissed her claim upon the ground of the insufficiency of the evidence as to an industrial accident fatal to her husband. The decision appealed from restored claimant’s ease to a referee calendar “ for consideration of rate ” and “ to make an award for death benefits and funeral expenses ”, and such was the first decision in the matter adverse to appellant. The appeal was timely as regards the thirty days’ period provided by the forepart of section 23 of the statute but it was not taken within the twenty-day period prescribed in its latter part for an appeal from a board decision which is made upon application for a modification, rescission or review of a referee’s decision (Workmen’s Compensation Law, § 23). We do not construe the twenty-day limitation as applying to a party who appeals from a board decision which for the first time is adverse to him and which results from an application made only by an adverse party. Literally the provision may be said to so apply but considering the section as a whole neither logic nor good reason indicates a legislative intent to thus shorten the time of one to appeal from the first decision adverse to him simply because it was brought about on the application or appeal of his theretofore unsuccessful adversary. Motion denied, without costs. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ. [See post, p. 910.]